UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA COLMAN LERNER, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| STEPHEN J. COLMAN, | )<br>) |
| Defendant, | ) |
| v. | )  CIVIL ACTION NO:<br>)  1:19-cv-11738-WGY |
| DANIEL J. FLYNN III, and JAMES CANAVAN, | )<br>) |
| Enterprise Defendants | ) |
| v. | )<br>) |
| LISA LaBRIQUE, ELIZABETH COLMAN, KAREN REIDY, KIRSTEN HUNT, and WILLIAM CHRISTOPHER COLMAN, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND
JOINDER IN DEFENDANT STEPHEN J. COLMAN'S MEMORANDUM OF LAW
<u>IN SUPPORT OF HIS MOTION TO DISMISS [DOC# 26]</u>**

The Defendants, Lisa LaBrique, Elizabeth Colman, Karen Reidy, Kirsten Hunt, and William Christopher Colman (collectively, the "Siblings"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby submit this Memorandum of Law in support of their Motion to Dismiss all claims and counts asserted against them by Plaintiff, Sandra Colman Lerner ("Lerner") in her Complaint. In addition, the Siblings hereby join in the Memorandum of Law in Support of the Motion to Dismiss by Defendant Stephen J. Colman ("S.Colman") (hereinafter

cited as "Memo") [Doc# 26] brought pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and further request that this Court issue an order dismissing all of Plaintiffs' claims with prejudice.

I.   INTRODUCTION

Plaintiff tells an elaborate and convoluted story detailing how S.Colman purposefully and intentionally defrauded her through a series of alleged fraudulent schemes, including the diversion of shares of stock to himself, the Siblings and others. Plaintiff claims that his actions resulted in her presumably not inheriting more when her uncle, William J. Colman ("W.Colman"), died intestate almost eight years ago.  See Complaint, generally, p. 1-2 (hereinafter cited as, "Compl., ¶__").

Conspicuous by their absence, however, are facts specifically alleging that the Defendant Siblings had any involvement in said schemes.  In point of fact, Plaintiff's lone count against the Siblings for money had and received is predicated entirely on S.Colman's allegedly fraudulent transfer of stock.  See Compl., ¶199-206.  Plaintiff speciously lumps the Siblings into her vendetta against S.Colman, yet does so without any legal or factual bases.  Accordingly, the Siblings' motion to dismiss should be granted and Plaintiff's Complaint dismissed, with prejudice, for all the reasons set forth herein, and for those reasons in the brief of Defendant S.Colman, which is incorporated by reference as necessary. [1]

---

[1] In the interest of efficiency, the instant Memorandum of Law will not duplicate S.Colman's various arguments for dismissal; rather, they will incorporate them by reference where relevant and raise any independent arguments when necessary.

2

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Siblings hereby incorporate by reference Sections I. and II. of S.Colman's Memo [Doc# 26] as if fully stated herein.

III.    LEGAL ARGUMENT

**A. Plaintiff's RICO Claim against S.Colman is Fatally Deficient and Must be Dismissed, along with her Pendant State Law Claims, as they would then Lack Independent Subject Matter Jurisdiction**

*1. Due to its Deficient Pleading, Plaintiff's RICO Claim Must be Dismissed*

As set forth in Defendant S. Colman's Memo, Sections III.A., B.1-3, C. and D., as joined by the Siblings and incorporated by reference herein, Plaintiff identifies no such conduct in her Complaint that would justify holding Defendant S.Colman liable under RICO's statutory scheme. First, Plaintiff does not state a plausible RICO claim against S.Colman as explained in Section III.B., as (1) she has failed to adequately plead the conduct of the "enterprise" as required by RICO; (2) she has not sufficiently pled the "pattern or racketeering" element required by RICO; and (3) she cannot show a RICO conspiracy. Next, as argued by S.Colman in Section III.C. of his Memo, Plaintiff has failed to plead fraud with particularity by not articulating the elements of the RICO claim as required under Fed.R.Civ.P. 9(b). Lastly, as stated in Section III.D. of S.Colman's Memo, the Plaintiff's alleged predicate acts are exempt from RICO liability. Accordingly, for all the reasons set forth therein, Counts I, II and III of Plaintiff's Complaint must be dismissed.

### 2. Upon Dismissing Plaintiff's RICO claims, the Court will have no Subject Matter Jurisdiction over Plaintiff's state law claims against the Siblings

Plaintiff's RICO claims are the sole federal claims contained in the Complaint. Upon dismissal of those claims, Plaintiff's state law claim for money had and received against the Siblings should be dismissed as well, and the Court should not retain supplemental jurisdiction, because Count VI of Plaintiff's Complaint lacks independent subject matter jurisdiction to proceed in this Court.

In her Complaint, Plaintiff cites to 18 U.S.C. §1964(c) and 28 U.S.C. §1331 for subject matter and federal question jurisdiction over all Defendants, generally. See Compl., ¶11. Yet, Plaintiff has failed to properly plead federal question jurisdiction specifically as to the Siblings as her only count against them, for alleged money had and received, does not arise under federal law. At best, Plaintiff's state law claim against the Siblings is solely derived from S.Colman's alleged "orchestrated fraudulent transfer of stock in Solar Resources". See Compl., ¶200. Unless and until S.Colman is found liable for any federal law RICO claims, Plaintiff's common law state claim against the Siblings is both premature and jurisdictionally unfit for this Court. Furthermore, there is no separate allegation that any of the Siblings had any role at all in any of the enumerated RICO violations - - no could there be, as there was none. Nor does Plaintiff allege any facts which could allow this Court, sitting in equity, to find the Siblings did anything to make their receipt of the shares or resulting payout upon the sale of Solar Resources unexpected, unjust or unfair in anyway.

Accordingly, pursuant to Fed.R.Civ.P. 12(b)(1), upon dismissal of Plaintiff's RICO claims, her remaining state law claims must also be dismissed inasmuch as there will be no

independent jurisdictional basis on which such common law state claim for money had and received can survive in this forum.

### B. Count VI of Plaintiff's Complaint Must be Dismissed Because Plaintiff Fails to State a Claim for Money Had and Received upon which Relief can be Granted under Fed.R.Civ.P. 12(b)(6)

Notwithstanding that the Siblings' argument herein, under Rule 12(b)(6), is independently dispositive of Plaintiff's claim against them, incorporated by reference are S.Colman's arguments in Sections III.E.1-4 and III.F., in further support of dismissal.

*1. Legal Standard of Review*

Pursuant to Rule 8, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Motions under Rule 12(b)(6) test the sufficiency of a complaint against that standard. In order to properly state a claim for relief, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). While a court must accept as true all factual allegations, it should not give effect to legal conclusions couched as factual allegations. See Applera Corp. v. Michigan Diagnostics, LLC, 594 F. Supp. 2d 150, 162 (D. Mass. 2009). The plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. When a plaintiff has failed to satisfy these baseline pleading requirements, the complaint must be dismissed. Id. Therefore, under Twombly, a Rule 12(b)(6) motion to dismiss should be granted when the factual allegations in a complaint fail to raise the right to relief above the speculative level. Id.

### 2. Plaintiff Fails to Satisfy the Elements of a Claim for Money Had and Received

Count VI must be dismissed because Plaintiff does not allege facts satisfying the elements of a claim for money had and received. "Money had and received is essentially the same claim [as unjust enrichment] but is limited to enrichment *by money or its equivalent*." Reed v. Zipcar Inc., 883 F.Supp.2d 329, 334 (D. Mass. 2012) aff'd, 527 F.App'x 20 (1st Cir. 2013) (*emphasis added*) (citing Jelmoli Holding, Inc. v. Raymond James Fin. Servs., Inc., 470 F.3d 14, 17 n.2 (1st Cir. 2006)). Therefore, to prevail on a claim for unjust enrichment (or money had and received), the Plaintiff must show: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." Watkins v. Omni Life Sci., Inc., 692 F.Supp.2d 170, 179 (D. Mass. 2010) (quoting LaSalle Nat'l Bank v. Perelman, 82 F.Supp.2d 279, 294–295 (D. Del. 2000)).

From the four corners of the Complaint, Plaintiff's factual theory for recovery under this claim is as follows:

(i) In 2005, S.Colman became the Treasurer and Secretary of Solar Resources, Inc. ("Solar"), a Utah company previously formed by B.Colman to develop land in Utah for salt extraction. See Compl., ¶97.

(ii) B.Colman died intestate without a will on December 11, 2011, having no spouse or children at time of death. Id. at ¶13. B.Colman's heirs were twelve nieces and nephews, including Plaintiff, Defendant S.Colman and the Defendant Siblings. Id. at ¶14-18. Plaintiff was unhappy with her inheritance and S.Colman's handling of B.Colman's estate in his capacity as personal representative. Id. at ¶144-149.

  (iii) After B.Colman's death, S.Colman allegedly fraudulently transferred 53.5% of the shares of Solar to himself, the Siblings and a few others. Id. at ¶107, 200.  The Siblings allegedly did not pay for their shares or paid less than fair market value.  Id. at ¶113-121, 201.

  (iv) Said share should have passed through B.Colman's estate to his heirs equally, rather than the Siblings via transfer by S.Colman.  Id. at ¶200, 202.

  (v) The Siblings received $500,000.00 upon the sale of Solar and, as a result, the Siblings received monies that were allegedly owed to B.Colman's estate and, in turn, to Plaintiff as a heir at law of the estate.  Id. at ¶203-204.

 At best, however, Plaintiff only suggests the first two elements of the cause of action: (1) the Siblings receipt of shares or payout after the sale of Solar Resources (an alleged enrichment); and, (2) the claim that said shares or payout should have passed through B.Colman's estate to Plaintiff (an alleged impoverishment).  Therefore, to prevail on a claim for money had and received, Plaintiff must show that the Siblings are retaining money that should be returned - - presumably to her.  See Jemoli Holding, Inc., 470 F.3d at 16, fn 2.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged."  See Iqbal, 556 U.S. at 687.  Plaintiff's facts do not state a "plausible" claim for relief against the Siblings because they are "naked assertions" proffered on information and belief, riddled with hearsay and conclusory to a fault.  See Compl., ¶107, 111, 114-118, 122-128.

 Furthermore, even if Plaintiff could prove, separate from her conclusions and generalizations, that the Siblings were not entitled to the Solar shares (or resulting payout upon sale of Solar), the notion that this Court should order a transfer of the money to B.Colman's

estate is not properly adjudicated in this forum, rather in the Probate Court in Utah, for the reasons articulated in S.Colman's Memo Section III.4. Accordingly, Count VI of the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that Plaintiff Lerner fails to state a claim upon which relief can be granted for money had and received.

## IV.   CONCLUSION

Accordingly, and for the foregoing reasons, and for those specifically incorporated by reference from Defendant Stephen J. Colman's Motion to Dismiss and Memorandum of Law in support thereof, the Defendant Siblings respectfully request that Plaintiff's Complaint against each them be DISMISSED with prejudice.

### Reservation of Rights

Notwithstanding the Defendant Siblings' joinder in certain arguments of Defendant Stephen J. Colman, as specifically identified herein, they hereby explicitly reserve their rights to raise any further or additional defenses and arguments, as necessary or requested by this Court, in connection with the facts and allegations contained in the Complaint and with respect to any of Plaintiff's claims against them directly.

|  |  |
|---|---|
|  | **LISA LaBRIQUE, ELIZABETH COLMAN, KAREN REIDY, KIRSTEN HUNT and WILLIAM CHRISTOPHER COLMAN,** |
|  | By their Attorney, |
| Dated:  September 23, 2019 | /s/  *Jill K. Hauff*<br>Jill K. Hauff (BBO# 653886)<br>LOONEY COHEN & AISENBERG LLP<br>33 Broad Street, 6th Floor<br>Boston, MA 02109<br>Tel: (617) 371-1153 / Fax: (617) 342-4970<br>jhauff@lca-llp.com |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA COLMAN LERNER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STEPHEN J. COLMAN, )<br>)<br>Defendant, )<br>v. )<br>)<br>DANIEL J. FLYNN III, and JAMES )<br>CANAVAN, )<br>Enterprise Defendants )<br>v. )<br>)<br>LISA LaBRIQUE, ELIZABETH COLMAN, )<br>KAREN REIDY, KIRSTEN HUNT, and )<br>WILLIAM CHRISTOPHER COLMAN, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO:<br>1:19-cv-11738-WGY |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 23, 2019.

/s/ *Jill K. Hauff*
Jill K. Hauff

9